**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF TENNESSEE**
**NASHVILLE DIVISION**

| | | |
|---|---|---|
| MICHAEL BALLARD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 3:21-cv-00379 |
| v. | ) | |
| | ) | Judge Eli J. Richardson |
| CUMBERLAND ENTERTAINMENT, | ) | Magistrate Judge Barbara D. Holmes |
| LLC; REBECCA MCINTOSH, individually | ) | |
| and d/b/a FULL THROTTLE BAR & | ) | |
| GRILL; GERALD MCINTOSH, | ) | |
| individually and d/b/a FULL THROTTLE | ) | |
| BAR & GRILL | ) | |
| | ) | |
| Defendants. | ) | |

## DENIAL OF ENTRY OF DEFAULT

Pending is Plaintiff's Second Motion for Entry of Default against Defendants Cumberland Entertainment, LLC, Rebecca McIntosh, individually and d/b/a Full Throttle Bar & Grill, and Gerald McIntosh, individually and d/b/a Full Throttle Bar & Grill (collectively, "Defendants") pursuant to Federal Rule of Civil Procedure 55(a). (Doc. No. 26). For the following reasons, Plaintiff's Motion is **DENIED**.

Plaintiff filed this action on May 11, 2021. (Doc. No. 1). On July 30, 2021, Plaintiff filed its first Motion for Entry of Default. (Doc. No. 16). The Clerk denied Plaintiff's Motion without prejudice for failure to comply with the requirements of Local Rule 55.01. On October 11, 2021, Plaintiff filed his second Motion for Entry of Default as to all Defendants. (Doc. No. 26). On October 21, 2021, Defendants filed a Motion for Extension of time to file an answer and filed their Answer to Plaintiff's Complaint. (Doc. Nos. 31 and 32).

1

"When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). However, when evaluating whether to enter default pursuant to Federal Rule of Civil Procedure 55(a), the Clerk must ascertain not only whether a party has filed a responsive pleading or motion, but also whether the defendant has taken any action to "otherwise defend." "The words 'otherwise defend' presume the absence of some affirmative action on the part of a defendant which would operate as a bar to the satisfaction of the moving party's claim." *Wickstrom v. Ebert*, 101 F.R.D. 26, 32 (E.D. Wis. 1984). Additionally, public policy favors allowing cases to be tried on the merits. "Where a defendant appears and indicates a desire to contest an action, a court may exercise its discretion to refuse to enter default . . . .There is a strong public policy, supported by concepts of fundamental fairness, in favor of trial on the merits." *Higgins v. Dankiw*, No. 8:08CV15, 2008 WL 2565110, at *2 (D. Neb. June 24, 2008) (internal citations omitted).

In this case, the Clerk finds that Defendants have expressed a clear intent to defend this action as reflected by the filing of its Motion for Extension of time to answer and its Answer to Plaintiff's Complaint. Accordingly, Plaintiff's Motion for Entry of Default is **DENIED**. (Doc. No. 26).


s/ Lynda M. Hill
Lynda M. Hill
Clerk of Court


2